In the Matter of R. H. MACY & Co., INC., Appellant, against CHARLES ABRAMS, as State Rent Administrator, Respondent, and THOMAS DENNAN et al., Intervenors-Respondents.— In a proceeding to review a determination of the State Rent Administrator which denied an application for a certificate of eviction, the appeal is from an order of the Special Term denying the petition and dismissing the proceeding. Appellant operates a retail department store in the heart of the White Plains shopping center. In February, 1953 appellant acquired a parcel of land, and the apartment thereon, several hundred feet away from its store and separated from it by existing parking lots. In January, 1956 appellant filed an application for a certificate to evict the tenants from the apartment house, pursuant to section 59 of the State Rent and Eviction Regulations, on the ground that it intended to demolish the building

and to construct a parking lot where members of the public, whether or not customers or employees of appellant, would be permitted to park on payment of a fee. The application was denied by the local rent administrator and by the State Rent Administrator, on the ground that, since the premises will be used as a public parking lot for which a fee will be charged, and will be used by the public, whether or not customers or employees, appellant failed to establish that it required the land for its own immediate use in connection with its business, or that it intended to use the land exclusively in connection with the business which it owned and operated. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ., concur; Ughetta, J., dissents and votes to reverse the order appealed from, to annul the determination of the State Rent Administrator, and to direct issuance of the certificate of eviction, with the following memorandum: Appellant's department store has nearly doubled in size since 1953 and now contains more than 212,500 square feet of floor space. Records indicate that approximately 75% of its multimillion-dollar business is done with customers who come to the store by automobile. While several parcels of land adjacent to the store have been leased by appellant to the White Plains Parking Authority and to private operators for use as parking lots, additional parking facilities are needed. Appellant now desires to demolish the existing structure on an adjacent parcel, which originally housed 27 tenants of whom 15 have already moved voluntarily, to permanently withdraw it from both housing and nonhousing rental markets and to operate the property as a parking lot. I believe the provisions of section 59 of the State Rent and Eviction Regulations have been misconstrued. The basic function of this section is to prevent the eviction of tenants for a feigned and unsubstantial reason. Appellant in good faith desires to provide additional parking facilities for the use of its customers — surely a legitimate use in connection with the retail business which its owns and operates in the immediate vicinity of the property in question. Doubtless the space will in some measure be used by other persons; just how this might be avoided is difficult to perceive. The word " exclusively ", stressed by the State Rent Administrator, does not appear in section 59, and it is my view that his interpretation to the effect that it is required that the land be used exclusively in connection with appellant's department store business is arbitrary and unreasonable.